UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YADIRA PAUL,

    Plaintiff,

vs.

    Case No. 3:18-cv-1069-J-34MCR

HOLIDAY CVS, L.L.C.

    Defendant.
_____/

## O R D E R

**THIS CAUSE** is before the Court sua sponte. Federal courts are courts of limited jurisdiction, and therefore, have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("it is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking"). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading, Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

On September 4, 2018, Defendant Holiday CVS, L.L.C. filed a notice of removal notifying the Court of its intent to remove this action to the United States District Court for the Middle District of Florida, Jacksonville Division, and purporting to set forth the facts

establishing that the Court has jurisdiction over this action.  See Defendant's, Holiday CVS, L.L.C., Notice of Removal (Doc. 1; Notice) at 1-3.  Specifically, Defendant asserts that the Court has jurisdiction because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, in accordance with 28 U.S.C. § 1332, and therefore, the action is removable pursuant to 28 U.S.C. § 1441.  See id. at 3.  However, upon review, it is unclear whether Defendant has properly alleged the citizenship of Plaintiff, Yadira Paul.

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants."  Univ. of S. Ala., 168 F.3d at 412.  To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom."  McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

In the Notice, Defendant does allege that Plaintiff is a "citizen of the state of Florida."  See Notice at 3.  Although such an allegation would typically suffice for purposes of removal, the Court has some concern because Defendant then elaborates that "[a]s stated in the Complaint, at the time of the subject incident, the Plaintiff Yadira Paul, was and is a resident of Duval County, Florida."  See Notice at 3 (emphasis added); see also Complaint ¶ 2.[1]  According to Defendant, the Court can presume that Plaintiff is a citizen of Florida

---

[1] The Court notes that the Complaint does not actually state that Plaintiff "was and is" a resident of Florida as Defendant asserts in the Notice.  Compare Notice ¶ 6 with Complaint ¶ 2.  Rather, Plaintiff alleges in the Complaint that, "[a]t all times material hereto, Plaintiff Yadira Paul was a resident of Jacksonville, Duval

2

based on this allegation. See Notice at 3. The Court disagrees. To the extent Defendant equates Plaintiff's residence with her domicile, these two terms are not synonymous. See Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence'"). Rather, the Eleventh Circuit has repeatedly held that "[c]itizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." Taylor, 30 F.3d at 1367 (emphasis supplied). Thus, for purposes of determining whether a party has adequately pled a basis for subject matter jurisdiction, the Court cannot simply presume that an allegation regarding a party's residence establishes that party's citizenship. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013) ("As we indicated in remanding this case for jurisdictional findings, the allegations in [plaintiff's] complaint about her citizenship are fatally defective. Residence alone is not enough."); see also Costa v. Dollar Tree Stores, Inc., No. 2:13-cv-655-FtM-38DNF, 2013 WL 12156449, at *2 (M.D. Fla. Sept. 16, 2013) (finding an allegation of residence in a notice of removal insufficient and rejecting the argument "that the current residence of a party is prima facie evidence of his domicile"). In light of the foregoing, the Court will give Defendant an opportunity to establish diversity of citizenship between the parties and that this Court has jurisdiction over the action. Accordingly, it is

**ORDERED**:

---

County, Florida." See Complaint ¶ 2 (emphasis added). Notably, the accident at issue in this lawsuit occurred over three years ago, in May of 2015. Id. ¶ 7.

Defendant shall have up to and including **September 20, 2018**, to provide the Court with sufficient information so that it can determine whether it has jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of September, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties